**Marshall Meyers (020584)**
**WEISBERG & MEYERS, LLC**
**5025 North Central Ave., #602**
**Phoenix, AZ 85012**
**602 445 9819**
**866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**
**Attorney for Plaintiff**

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Crystal Woods, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| Collections U.S.A., Inc., | ) |
| | ) |
| Defendant. | ) |

### NATURE OF ACTION

1.   This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.   This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.   Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Crystal Woods ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Phoenix.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Collections U.S.A., Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.     In connection with collection of an alleged debt, Defendant called Plaintiff on or about April 1, 2011 on her cellular telephone, and at such time, spoke with Plaintiff.

12.     During said telephonic communication, Defendant claimed the alleged debt arose from late fees owed on Plaintiff's old apartment.

13.     Plaintiff informed Defendant that Plaintiff was never late in making a payment to her apartment complex.

14.     Defendant then claimed the alleged debt was instead for the water bill Plaintiff incurred during the last month at the apartment complex and further demanded Plaintiff pay one hundred eighty-eight dollars ($188.00).

15.     Plaintiff disputed the amount Defendant demanded and requested a statement in writing showing the amount of the debt.

16.     Plaintiff provided her current address to Defendant, and Defendant stated that it would send Plaintiff written correspondence detailing the debt.

17.     Defendant terminated the telephone call before providing Plaintiff with the disclosures required pursuant to 15 U.S.C. § 1692g(a) et seq., and further failed to provide Plaintiff with such disclosures within five (5) days thereafter.

18.     On June 9, 2011 at about 2:00 P.M., Defendant called Plaintiff's cellular telephone and again demanded payment on an alleged debt.

19.     During said telephone call, Plaintiff informed Defendant that she never received anything in writing from Defendant.

20. Defendant read the address to which it sent written communication, and at such time, Plaintiff informed Defendant that it forgot to include Plaintiff's apartment number, and thus, sent the written communication to an incorrect address.

21. In response, Defendant became aggressive, yelled at Plaintiff, and threatened to report the alleged debt to the three major credit bureaus if Plaintiff did not pay the debt in full during the telephone call.

22. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

23. Plaintiff repeats and re-alleges each and every allegation contained above.

24. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 29th day of August, 2011

By: s/ Marshall Meyers
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff